LONG JOHN SILVER'S INC., Appellant,

v.

Belen MARTINEZ, Appellee.

No. 04–93–00016–CV.

Court of Appeals of Texas,
San Antonio.

March 17, 1993.

Rehearing Denied April 19, 1993.

Adan A. Gonzalez, III, Mann & Jones, Laredo, for appellant.

Rodolfo R. Munoz, San Antonio, for appellee.

Before REEVES, C.J., and BUTTS and RICKHOFF, JJ.

## OPINION

PER CURIAM.

This is an accelerated appeal from an interlocutory order denying a temporary injunction pursuant to section 51.014(4) of the Texas Civil Practice and Remedies Code. In one point of error, Long John Silver's, Inc. (LJS) contends the trial court abused its discretion in denying its motion for a temporary restraining order and a temporary injunction because it misapplied the law to established facts.

On April 27, 1992, the trial court entered a judgment against LJS and in favor of Belen Martinez in the amount of $79,647. LJS timely filed a motion for remittitur, a motion for new trial and to correct, reform, or modify the judgment. In June, a hearing on the motions was held, and the trial judge orally granted the remittitur.

The order granting the remittitur was signed by the trial judge on August 12, 1992. The order remitted the judgment amount from $79,647 to $25,000. The order further stated that, "[s]hould the plaintiffs not accept this latter amount, the defendant's motion for new trial is GRANTED." Ms. Martinez never accepted the remittitur. In September, LJS asked the trial judge to enter a written order granting a new trial, but the trial judge refused. On October 22, 1992, a writ of execution to collect the original judgment was issued to Ms. Martinez. LJS filed its motion to set aside the writ of execution on October 30, 1992.

On November 2, 1992, after Ms. Martinez attempted to execute the writ, and the Webb County deputies closed the LJS restaurant in Laredo for approximately 20 minutes, another hearing was held concerning the motion to enter a new trial date, motion for setting aside the writ of execution, and a motion to recognize that the trial court did not have jurisdiction. At this hearing, counsel for Ms. Martinez argued that the remittitur was overruled by operation of law on July 11, 1992. During the hearing, the trial judge indicated that his order of August 12 was proper because the motion had not been overruled by operation of law, but later in the hearing, the judge changed his mind and stated he no longer had jurisdiction to enter the August 12 order.

After the hearing concluded, the court denied the motion to set the trial date and granted LJS's motion to set aside the execution but only until November 5, 1992. LJS sought mandamus relief to direct the trial court to make the order staying the writ of execution until November 5, 1992, a permanent order and to direct the clerk to recall and cancel the writ of execution. The writ of mandamus was denied, prompting LJS to file its motion for temporary restraining order and temporary injunction on January 7, 1993. The trial court denied the temporary injunction, and LJS perfected this appeal.

At a hearing upon the request for a temporary injunction, the only question before the trial court is whether applicant is entitled to preservation of the status quo

of the subject matter of the suit pending trial on the merits. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978). The status quo is the "last, actual, peaceable, noncontested status which preceded the pending controversy." *Cross v. Chem–Air South, Inc.*, 648 S.W.2d 754, 757 (Tex.App.—Beaumont 1983, no writ). To warrant the issuance of a temporary injunction, the movant must show: (1) probable right to recovery; (2) that imminent and irreparable harm will occur in the interim if the request is not granted; and (3) that no adequate remedy at law exists. *Sun Oil Co. v. Whitaker*, 424 S.W.2d 216, 218 (Tex. 1968); *Texas Indus. Gas v. Phoenix Metallurgical Corp.*, 828 S.W.2d 529, 532 (Tex. App.—Houston [1st Dist.] 1992, no writ). The merits of the applicant's case are not presented for appellate review because the order denying a temporary injunction is an appeal from an interlocutory order. *Manufacturers Hanover Trust Co. v. Kingston Investors Corp.*, 819 S.W.2d 607, 610 (Tex. App.—Houston [1st Dist.] 1991, no writ).

In reviewing the trial court's granting or denial of a temporary injunction, the question to be decided on appeal is whether the trial court abused its discretion. *Gannon v. Payne*, 706 S.W.2d 304, 305 (Tex.1986); *Iranian Muslim Org. v. City of San Antonio*, 615 S.W.2d 202, 208 (Tex.1981). An abuse of discretion occurs when the trial court acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). Additionally, when the trial court misapplies the law to the established facts or in instances when the evidence does not support the trial court's determination concerning the applicant's reasonable right of recovery, an abuse of discretion is also found. *State of Texas v. Southwestern Bell Tel. Co.*, 526 S.W.2d 526, 528 (Tex.1975); *Otten v. Town of China Grove*, 660 S.W.2d 565, 569 (Tex.App.—San Antonio 1983, writ dism'd). An abuse of discretion is not found, however, if the trial court bases its decision on conflicting evidence. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978). In determining whether an abuse of discretion has occurred, the appellate court is not allowed to substitute its judgment for that of the trial court. *Id.* Where no findings of facts or conclusions of law are filed, the trial court's judgment "must be upheld on any legal theory supported by the record." *Id.*

In its sole point of error, LJS contends the trial court misapplied the law to the established facts because: (1) the August 12 order of remittitur and grant of a new trial was timely entered; (2) LJS had a probable right of recovery against Martinez on January 7, 1993, because the writ of execution was void; (3) LJS had a probable, irreparable injury unless the trial court enjoined any execution by Martinez; and (4) LJS lacked an adequate remedy at law to prevent Martinez's execution against its property.

LJS argues that the trial court properly remitted the judgment under penalty of new trial and allowed Ms. Martinez thirty days to file an acceptance of the remittitur. Therefore, once the August 12 order was rendered in writing and signed and no remittitur acceptance filed, the order granting a new trial became the official ruling of the court. The August 12 order, therefore, had the legal effect of vacating the original judgment and returning the case to the docket as if no trial had been had. Although LJS attempted to obtain a new trial date, the court refused to set one.

LJS claims the real issue in this case is whether the trial court had jurisdiction to sign the August 12 order. LJS asserts the trial court did have jurisdiction and abused its discretion by ignoring the controlling rule and case law in computing the period of time in which a motion for new trial is overruled when the last day of the period is a Saturday, Sunday, or legal holiday. TEX. R.CIV.P. 4; *Keeper v. First Care, Inc.*, 794 S.W.2d 879 (Tex.App.—Tyler 1990, no writ). According to LJS, the motion for new trial was overruled on July 13, 1992 (the Monday following the 75th day after the April 27 judgment) because the seventy-fifth day (July 11) fell on a Saturday. Therefore, LJS concludes the August 12 order was timely because the trial court signed the

order granting the new trial on the last day of its plenary power under rule 329b(e) of the Texas Rules of Civil Procedure. We agree.

■ Rule 4 of the Texas Rules of Civil Procedure provides that in computing any time period allowed or prescribed by the rules:

> [t]he last day of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday or legal holiday.

Applying rule 4 to the instant case, we note that the trial judge signed the judgment on April 27, 1992. Under rule 329b(c), if a motion for new trial "is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period." TEX. R.CIV.P. 329b(c). The seventy-fifth day after the judgment was signed was July 11, 1992. However, because July 11 fell on a Saturday, the motion for new trial was not overruled by operation of law until July 13, 1992. TEX.R.CIV.P. 4. The trial court had plenary power for thirty days from July 13 (the overruling of the motion) to grant a new trial or to vacate, modify, correct, or reform the judgment. TEX.R.CIV.P. 329b(d). Therefore, the trial judge had jurisdiction when he signed the August 12, 1992, order granting a new trial.

Rule 4 has been applied similarly by another court. In *Keeper v. First Care, Inc.*, 794 S.W.2d 879 (Tex.App.—Tyler 1990, no writ), the court explained the computation of time as follows:

> The clear language of Rule 4 provides that if the last day of the prescribed period of time falls on a Saturday, Sunday, or a legal holiday, it is not to be included (counted), and the prescribed period of time "runs until the *end* of the *next day* which is [not] a Saturday, Sunday [or] a legal holiday." Therefore, we conclude that appellees' timely filed motion for new trial was overruled by operation of law pursuant to Rule 329b on Monday, November 21, 1988.

*Keeper*, 794 S.W.2d at 881. The judgment at issue in the *Keeper* case was signed on September 6. *Id.* at 880. The appellees filed a timely motion for new trial which was overruled by operation of law. On December 21, the trial court signed a second judgment reforming the September 6 judgment. In determining the validity of the second judgment, the court noted that the seventy-fifth day following the September 6 judgment was November 20 (a Sunday). *Id.* at 881. The court concluded that the appellees' timely filed motion for new trial was overruled by operation of law on Monday, November 21. The court held that pursuant to Rule 329b, the trial court had plenary power and control over the September 6 judgment until the end of Monday, December 21. *Id.*

Furthermore, the *Keeper* decision and our interpretation of rule 4 is consistent with other decisions involving the computation of time when the last day of the time period falls on a Saturday, Sunday, or legal holiday. *See Tackett v. Mid–Continent Refrigerator Co.*, 579 S.W.2d 545, 547 (Tex. Civ.App.—Fort Worth 1979, writ ref'd n.r.e.) (45th day fell on legal holiday; therefore motion for new trial overruled by operation of law on following day); *Gulf Ins. Co. v. Adame*, 575 S.W.2d 87, 88 n. 1 (Tex.Civ.App.—Amarillo 1978, no writ) (45th day on which motion for new trial was overruled by operation of law on Sunday; time extended to next day); *Heldt Bros. Trucks v. Alvarez*, 477 S.W.2d 691, 692 (Tex.Civ.App.—San Antonio 1972, writ ref'd n.r.e.) (45-day period expired on Saturday, and time extended to Monday); *Wilkinson v. Wilkinson*, 419 S.W.2d 226, 229 (Tex.Civ.App.—Dallas 1967, no writ) (45-day period in which motion for new trial to be determined expired on Saturday; time extended by operation of law to Monday); *Missouri–Kansas–Texas R.R. Co. v. Chesher*, 354 S.W.2d 645, 647 (Tex.Civ.App.—Texarkana 1962, writ ref'd n.r.e.) (45th day fell on Sunday; under rule 4, motion not overruled by operation of law until Monday); 5 ROY R. MCDONALD, TEXAS CIVIL PRACTICE § 28:12 (rev.1992) (when 75th day falls on Saturday, Sunday, or legal holiday,

motion not overruled by operation of law until first day following Sunday or legal holiday).

Therefore, we hold the trial court abused its discretion in failing to apply the law to the established facts. The trial court had jurisdiction when it entered the August 12 order.

When a trial court orders a remittitur, as it did in the instant case, it must condition the remittitur on a new trial. *Snoke v. Republic Underwriters Ins. Co.*, 770 S.W.2d 777, 777 (Tex.1989). Rule 320 of the Texas Rules of Civil Procedure allows new trials to be granted "on such terms as the court shall direct." The August 12 order, therefore, properly granted the new trial and was signed while the trial court had jurisdiction. The legal effect of the order granting the new trial was to vacate the original judgment and return the case to the trial court as if no previous trial or hearing had been had. *Pinkley v. Vega*, 768 S.W.2d 473, 475 (Tex.App.—El Paso 1989, no writ); *see Old Republic Ins. Co. v. Scott*, 846 S.W.2d 832, 833 (Tex.1993) (when trial court ordered new trial on issue, final judgment no longer existed from which appeal could be taken).

In this case, the record shows that no other order was entered after the August 12 order to negate the granting of the new trial or to reinstate the original judgment. Therefore, a judgment no longer exists for Ms. Martinez to collect, and the trial court abused its discretion in denying the temporary injunction.

Accordingly, we reverse the judgment of the trial court denying the temporary injunction and remand the cause to the trial court.