NO. 07-04-0067-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MARCH 23, 2004



______________________________




ZELLA WADE, APPELLANT



V.



DEERE CREDIT SERVICES, INC., APPELLEE




_________________________________



FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;



NO. 01-09-18,552; HONORABLE HAROLD PHELAN, JUDGE



_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

MEMORANDUM OPINION


 Appellant Zella Wade filed a notice of appeal challenging the trial court's judgment.
Notwithstanding the trial court's announcement that it intended to grant a new trial,
appellee Deere Credit Services, Inc. also filed a notice of appeal prior to the deadline out
of an abundance of caution. Pending before this Court is Deere Credit's unopposed
motion to dismiss this appeal following the trial court's corrected order granting a new trial
on liability and damage claims in Wade's breach of contract action. We grant the motion.

 The legal effect of an order granting a new trial vacates the original judgment and
returns the case to the trial court as if no previous trial had been conducted. Old Republic
Ins. Co. v. Scott, 846 S.W.3d 832, 833 (Tex. 1993); see also Markowitz v. Markowitz, 118
S.W.3d 82, 88 (Tex.App.-Houston [14th Dist.] 2003, pet. denied); Long John Silver's, Inc.,
850 S.W.2d 773, 777 (Tex.App.-San Antonio 1993, writ dism'd w.o.j.). Thus, there is no
final judgment from which an appeal may be prosecuted. 

 Accordingly, the appeal is dismissed.

 Don H. Reavis

 Justice

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.



State, 828 S.W.2d 1, 2 (Tex.Cr.App. 1992); Olowosuko v. State, 826
S.W.2d 940, 941-42 (Tex.Cr.App. 1992). Although an appeal of all proceedings after an
adjudication of guilt is not foreclosed by article 42.12, section 5(b) (i.e. assessment of
punishment, pronouncement of sentence), appellant contends she was denied effective
assistance of counsel at the adjudication hearing. 

 Appellant argues that Cooper v. State, 45 S.W.3d 77 (Tex.Cr.App. 2001), which
does not permit voluntariness of a plea to be raised on appeal, is not applicable because
she is not challenging the voluntariness of her plea, but rather asserts trial court error in
the denial of her motion for new trial based on ineffective assistance of counsel. However,
appellant's amended notice of appeal specifically recites "this appeal challenges a
jurisdictional defects [sic]: the voluntariness of Ms. Gallagher's initial plea as well as the
denial of ineffective [sic] assistance of counsel in connection with the entry of her plea
. . . ." There is no doubt that appellant is challenging the voluntariness of her plea which
is no longer permitted by Cooper. See id. at 83 (holding that Flowers v. State, 935 S.W.2d
131 (Tex.Cr.App. 1996) will not be applied to Texas Rule of Appellate Procedure 25.2(b)
in a plea-bargained felony case).

 Moreover, in Manuel v. State, 994 S.W.2d 658 (Tex.Cr.App. 1999), the Court held
that a defendant placed on deferred adjudication community supervision may raise issues
relating to the original plea proceeding only in appeals taken when deferred adjudication
community supervision is originally imposed. Id. at 661-62. Thus, appellant could have
raised her contentions regarding her original plea only in an appeal from the January 4,
1996 adjudication hearing.

 The Court of Criminal Appeals has recognized the void judgment exception to the
general rule that matters relating to the original plea cannot be raised on appeal from
revocation. See Nix v. State, No. 793-00, 2001Tex.Cr.App. LEXIS 52, __ S.W.3d __ (June
27, 2001). However, the Court noted that a judgment is void in very rare situations and is
usually due to a lack of jurisdiction. Id. at *6. On the same day that Nix was decided, the
Court delivered Jordan v. State, 54 S.W.3d 783 (Tex.Cr.App. 2001). In Jordan, the
defendant had been granted deferred adjudication and after the trial court revoked his
community supervision, he filed a motion for new trial alleging that his plea was involuntary. 
The trial court denied the motion for new trial and on appeal, the court refused to address
the merits of his point of error based on Manuel. In his petition for discretionary review, the
defendant alleged a fundamental error exception to the general rule that matters relating
to the original plea cannot be raised on appeal from revocation. In finding that the court
of appeals had not erred in refusing to address the merits of Jordan's claim, the Court of
Criminal Appeals held that involuntariness of a plea "does not constitute one of those rare
situations" of the void judgment exception reaffirmed in Nix. Id. at 785.

 Moreover, Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure specifically
provides the requirements for perfecting an appeal from a plea-bargained conviction. The
Court of Criminal Appeals recently decided that the limitations of Rule 25.2(b)(3) apply to
an appeal challenging a conviction. See Vidaurri v. State, 49 S.W.3d 880, 884
(Tex.Cr.App. 2001). A notice of appeal filed pursuant to Rule 25.2(b)(3)(A) that specifies
the appeal is for a jurisdictional defect invokes this Court's jurisdiction. However, a mere
recitation in a notice of appeal that an appeal is for a jurisdictional defect without raising
a jurisdictional issue does not confer jurisdiction. See generally State v. Riewe, 13 S.W.3d
408, 413-14 (Tex.Cr.App. 2000) (holding that an amended notice of appeal does not confer
jurisdiction where none originally existed). In other words, although appellant amended her
notice of appeal to reflect that she was appealing a jurisdictional defect-voluntariness of
her initial plea and a claim of ineffective assistance of counsel in connection with her initial
plea, it did not confer jurisdiction with this Court. As explained in Jordan and Nix,
involuntariness of a plea is not fundamental error. For the foregoing reasons, we must
dismiss this appeal.

 Accordingly, this appeal is dismissed for want of jurisdiction.


 Don H. Reavis

 Justice


Do not publish.
1. At the time briefs were filed counsel did not have the benefit of recent decisions
from the Court of Criminal Appeals. See Viduarri v. State, 49 S.W.3d 880 (Tex.Cr.App.
2001); Jordan v. State, 54 S.W.3d 783 (Tex.Cr.App. 2001); Nix v. State, No. 793-00,
2001Tex.Cr.App. LEXIS 52, __ S.W.3d __ (June 27, 2001). As an intermediate appellate
court, we our bound to recognize and acquiesce in decisions from a higher court that
determine the law. Brumley v. State, 804 S.W.2d 659, 661 (Tex.App.-Amarillo 1991, no
pet.). Law making functions lie in the hands of our Legislature, Congress, and higher
courts. Id.