NO. 07-10-0309-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 21, 2010

_____

JOHNNY LEE REY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE DISTRICT 251ST COURT OF RANDALL COUNTY;

NO. 6989-C; HONORABLE ANA ESTEVEZ, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Johnny Lee Rey, was convicted of murder in 1995 and sentenced to life in prison. On February 23, 2010, the trial court signed an Order to Withdraw Inmate Funds pursuant to section 501.014(e) of the Texas Government Code for "court costs, fines and fees" in the amount of $74,509.65. On March 15, 2010, Appellant filed a Motion to Strike/Withdraw Void Order to Withdraw Inmate Funds challenging the trial

court's February 23, 2010 order.[1]  Appellant's motion was denied by written order on June 25, 2010.  Appellant timely filed a Motion for New Trial and Notice of Appeal challenging the trial court's June 25, 2010 order.

On September 9, 2010, the trial court clerk filed a Supplemental Clerk's Record containing an Order Granting New Trial reflecting that Appellant's Motion to Strike/Withdraw Void Order to Withdraw Inmate Funds had been reinstated on the trial court's docket.

The legal effect of an order granting a new trial is to vacate the original judgment and return the case to the trial court as if no judgment had been entered.  *See Old Republic Ins. Co. v. Scott*, 846 S.W.3d 832, 833 (Tex. 1993).  *See also Markowitz v. Markowitz*, 118 S.W.3d 82, 88 (Tex.App.–Houston [14th Dist.] 2003, pet. denied); *Long John Silver's*, *Inc. v. Martinez*, 850 S.W.2d 773, 777 (Tex.App.–San Antonio 1993, writ dism'd w.o.j.).  Thus, there is no final judgment or order from which an appeal may be prosecuted in this case.

Accordingly, the appeal is dismissed.

Per Curiam

---

[1]*See Harrell v. State*, 286 S.W.3d 315, 321 (Tex. 2009).  In *Harrell* the Texas Supreme Court held that due process entitles an inmate to receive notice and an opportunity to be heard, even though those requirements might be accorded after the order to withdraw, and that a hearing on a motion to rescind or correct that order satisfied those requirements.