NO. 07-10-0309-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

SEPTEMBER 21, 2010

 

______________________________

 

 

JOHNNY LEE REY, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE DISTRICT 251ST COURT OF RANDALL COUNTY;

 

NO. 6989-C; HONORABLE ANA ESTEVEZ, JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

Appellant, Johnny Lee Rey, was convicted of murder in 1995
and sentenced to life in prison.  On
February 23, 2010, the trial court signed an Order to Withdraw Inmate Funds
pursuant to section 501.014(e) of the Texas Government Code for "court
costs, fines and fees" in the amount of $74,509.65.  On March 15, 2010, Appellant filed a Motion
to Strike/Withdraw Void Order to Withdraw Inmate Funds challenging the trial
court's February 23, 2010 order.[1]  Appellant's motion was denied by written
order on June 25, 2010.  Appellant timely
filed a Motion for New Trial and Notice of Appeal challenging the trial court's
June 25, 2010 order.  

On September 9, 2010, the trial court clerk filed a
Supplemental Clerk's Record containing an Order Granting New Trial reflecting that
Appellant's Motion to Strike/Withdraw Void Order to Withdraw Inmate Funds had
been reinstated on the trial court's docket. 

The legal effect of an order granting a new trial is to vacate
the original judgment and return the case to the trial court as if no judgment
had been entered.  See Old
Republic Ins. Co. v. Scott, 846 S.W.3d 832, 833 (Tex. 1993).  See also Markowitz
v. Markowitz, 118 S.W.3d 82, 88 (Tex.App.BHouston [14th
Dist.] 2003, pet.
denied); Long John Silver=s, Inc. v. Martinez, 850 S.W.2d 773, 777
(Tex.App.BSan Antonio 1993,
writ dism=d w.o.j.). 
Thus, there is no final judgment or order from which an appeal may be
prosecuted in this case. 

Accordingly, the appeal is dismissed.

                                                                        Per
Curiam











[1]See Harrell v. State, 286
S.W.3d 315, 321 (Tex. 2009).  In Harrell the Texas Supreme Court held
that due process entitles an inmate to receive notice and an opportunity to be
heard, even though those requirements might be accorded after the order to
withdraw, and that a hearing on a motion to rescind or correct that order
satisfied those requirements.