**ROYLEX, INC., Appellant,**

v.

**E. F. JOHNSON COMPANY, Appellee.**

No. A2566.

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 27, 1981.

George M. Bishop, Houston, for appellant.

S. Mitchell Glassman, Glassman & Glassman, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

JUNELL, Justice.

On October 17, 1973, Roylex, Inc., appellant, and E. F. Johnson Company, appellee, entered into a lease agreement whereby Roylex was to rent certain radio communications equipment from Johnson for 60 months commencing on the date of installation of the equipment, April 24, 1974, for a monthly rental of $190.11. Roylex defaulted on the monthly payments. In accordance with the lease contract Johnson declared immediately due and payable the entire amount of rentals accrued and to accrue over the term of the lease. Thereafter, Roylex voluntarily returned the equipment to Johnson sometime in 1976, the precise date not being known. Roylex had paid a total of $2,170.33 in rentals under the lease agreement. Johnson filed suit against Roylex on September 29, 1978, to recover the balance of the rentals due under the lease agreement after giving Roylex credit for approximately $2,800 which Johnson claimed was the market value of the equipment at the time it was returned to Johnson.

Trial was to the court without a jury and resulted in a deficiency judgment in favor of Johnson against Roylex in the amount of $5,626.05, plus attorney's fees.

In its appeal Roylex contends that the trial court erred in holding (1) that Johnson could retain possession of the secured collateral without selling it and recover a deficiency judgment against Roylex; (2) that Johnson acted in a commercially reasonable manner because Johnson failed to give notice of retention and, therefore, is barred from recovering any deficiency; and (3) in awarding to Johnson attorney's fees on the appeal of the case on the ground that there were no pleadings to support such an award.

The parties agree that the lease agreement in question is a secured transaction governed by Chapter 9 of the Uniform Commercial Code—Secured Transactions. Tex. Bus. & Com. Code Ann. Chapter 9 (Vernon 1968).

Section 9.503 gives the secured party the right to take possession of the collateral on default by the debtor. Section 9.504(a) provides that the secured party after default "may sell, lease or otherwise dispose of any or all of the collateral...." Section 9.505 provides that with respect to consumer goods under certain circumstances and any other collateral under all circumstances a secured party in possession "may after default, propose to retain the collateral in satisfaction of the obligation." Written notice of the proposal must be sent to the debtor, who is given an opportunity to object to the proposal. If the debtor objects, the secured party *must* dispose of the collateral under § 9.504.

Appellant contends that after default a secured party in possession of the collateral has only two options: (1) to sell, lease or otherwise dispose of the collateral under § 9.504, or (2) to be deemed to have retained the collateral in satisfaction of the debt under § 9.505, even though the secured party made no written proposal to do so.

Appellant argues that appellee's retention of the collateral from the date it was returned sometime in 1976 until suit was

filed in October, 1978, and appellee's continued retention thereof until June 23, 1980, the date of judgment in the court below, bars any suit to recover the balance due even though the debtor is given credit for the value of the collateral at the time of repossession.

■ While there is some authority supporting appellant's position, *Bradford v. Lindsey Chevrolet Company*, 117 Ga.App. 781, 161 S.E.2d 904 (1968), *Northern Financial Corp. v. Chatwood Coffee Shop, Inc.*, 4 U.C.C.R.S. 674 (N.Y.Sup.1967), we think the better rule is that a secured party retains the collateral in satisfaction of the debt only when he has given the written notice required by and has otherwise complied with the provisions of § 9.505. The two sections, taken together, do not expressly provide, or even imply, that such a secured party who takes no steps either to sell, lease or otherwise dispose of the collateral under § 9.504 or to retain the collateral in satisfaction of the debt under § 9.505 shall be deemed to have elected the latter. Each of said sections of the Code uses the word "may" and neither section provides that the secured party "must" or "shall" take action under either one unless the debtor has made written objection to a written proposal under § 9.505.

Furthermore, § 9.507 affords a debtor in this situation adequate protection by providing: "If it is established that the secured party is not proceeding in accordance with the provisions of this subchapter disposition may be ordered or restrained on appropriate terms and conditions."

■ Also, the debtor who takes no affirmative action to enforce the sale of collateral retained by a secured party is additionally protected by application of the presumption that the value of the collateral at the time of repossession is equal to the balance due on the debt. Such presumption was applied to deny the secured party a deficiency judgment in *Tackett v. MidContinent Refrigerator Co.*, 579 S.W.2d 545 (Tex.Civ.App.–Ft. Worth 1979, writ ref'd, n.r.e.). In *Tackett* there was no evidence in the record of what disposition if any, was made of the collateral. Nor was there any evidence of its fair market value at the time of or after its repossession. The Ft. Worth Court of Civil Appeals held that the secured party must prove that the debtor has been credited either with the proceeds from a commercially reasonable disposition of the repossessed collateral or the fair market value thereof at the time of the conversion to the secured party's use. There being no proof of either a commercially reasonable disposition or the fair market value of the collateral, the court in *Tackett*, in denying a deficiency judgment, presumed that either the proceeds from disposition of the collateral or the value thereof at the time of its conversion equalled the amount of the debt.

■ The El Paso Court of Civil Appeals applied the same rule in *O'Neil v. Mack Trucks, Inc.*, 533 S.W.2d 832 (Tex.Civ.App.–El Paso 1975, *rev'd on other grounds*) 551 S.W.2d 32 (Tex.1977) which was not a case of retention of collateral by the secured party but a case of sale thereof without compliance with the notice provisions of § 9.504. The court's opinion in *Mack Trucks* at pages 836–837 contains a good statement concerning the conflict of authority which has developed on the question there presented, and we quote it:

As to the penalty which results when the creditor fails to comply with the repossession and resale requirements, such as the failure to give the required notice, a conflict of authority has developed. One line of cases is to the effect that failure to comply with the notice and other requirements of the Code prohibits the secured party from obtaining any deficiency judgment. The other major line of authority holds that failure to comply does not act as a bar to the recovery of a deficiency judgment, but creates a rebuttable presumption that the value of the collateral equals the amount of the debt, and places the burden of proving fair market value of the sale on the secured party prior to permitting any recovery of a deficiency. *United States v. Whitehouse Plastics*, 501 F.2d 692 (5th Cir.

1974). After considering the cases, the Fifth Circuit held in that case arising from Texas that absence of compliance with the notice requirement would not act as a bar to recovery of any deficiency but created at most a rebuttable presumption that the value of the collateral equaled the amount of the debt and placed on the secured party the burden of proving that the fair market value of the goods sold was less than the amount of the debt. This holding is adopted by this Court.

We think there is sound reason for applying the same rule in retention cases; therefore, we overrule appellant's first point of error.

■ In its second point of error appellant contends that the trial court erred in holding that appellee acted in a commercially reasonable manner, appellee having failed to give the notice of retention in satisfaction of the debt required by § 9.505 of the Uniform Commercial Code. The trial court made no such holding either in its findings of fact or its judgment. Therefore, the second point of error is overruled.

■ Appellant's third point of error complains of the trial court's award to appellee of an attorney's fee for the appeal of this case on the ground that there were no pleadings to support such an award. Appellee's original petition, on which the case was tried, alleged that the lease agreement provided for attorney's fees, that appellee had employed its attorney of record, and that appellee was entitled to recover, "reasonable attorney's fees ... in a sum and amount of not less than $2000." We hold that these pleadings were sufficient to authorize the award of attorney's fees on appeal and, therefore, overrule said third point of error. *Trial v. McCoy*, 581 S.W.2d 792 (Tex.Civ.App.–El Paso 1979, no writ); *Ledisco Financial Services, Inc. v. Viracola*, 533 S.W.2d 951 (Tex.Civ.App.–Texarkana 1976, no writ).

The judgment of the trial court is affirmed.