King Consultants, Inc. d/b/a Quicksilver Construction , and Frontier Insurance Company of New York v. Bee Equipment Sales, Inc.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-235-CV

KING CONSULTANTS, INC. D/B/A APPELLANTS

QUICKSILVER CONSTRUCTION, AND 

FRONTIER INSURANCE COMPANY

OF NEW YORK

V.

BEE EQUIPMENT SALES, INC. APPELLEE

------------

FROM THE 393
RD
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellee, Bee Equipment Sales, Inc. (Bee), filed suit against Appellants, King Consultants, Inc. d/b/a Quicksilver Construction (King) and Frontier Insurance Company of New York (Frontier), seeking payment under a public works bond for money owed to it for equipment used by King’s subcontractor Chad Lauderback d/b/a U.S. Excavations, Ltd. (Lauderback).  After a bench trial on the merits, the court awarded Bee $45,000 plus interest and attorneys’ fees.  King and Frontier appeal the judgment.  Because we hold that the evidence is not legally sufficient to support the judgment, we reverse the trial court’s judgment and render judgment for Appellants.

I. Background Facts

Bee and Lauderback entered into a series of equipment transactions during 1996 by which Lauderback obtained a loader, an excavator, and a tractor (the equipment) from Bee.  The first transaction for the loader and excavator was documented by an agreement dated May 24, 1996 and entitled “Equipment Lease Agreement.”  It contained on its face an option to purchase. Lauderback agreed to pay $5,000 per piece of equipment per month for an initial three-month term, and at the expiration of the initial term the lease would continue on a month-to-month term with an option to purchase.  No written lease was executed for the tractor, but the parties orally agreed that Lauderback would also pay $5,000 per month on a month-to-month term with an option to purchase the tractor.  Thus, Lauderback owed $15,000 per month for the equipment.  The parties disagree about whether the equipment was leased or purchased.

Lauderback obtained this equipment as the subcontractor to King, the general contractor on the project for Texas Women’s University in Denton.  King obtained a statutorily-required public works bond through Frontier.
(footnote: 2)  The bond was issued to insure payment to persons or entities who provide materials and labor on the project and who have not been paid.

Because Lauderback had failed to make several scheduled payments on the equipment, Bee filed this lawsuit against King and Frontier, seeking to recover under the public works bond pursuant to section 2253.073 of the Texas Government Code.
(footnote: 3)  After a bench trial on the merits, the trial court entered a final judgment in favor of Bee.  King and Frontier then appealed.

II. Legal Analysis

In Appellants’ first issue, they argue that there is no evidence or insufficient evidence to support the trial court’s finding that Bee may recover under the payment bond because the transaction between Bee and Lauderback was an equipment purchase and not a lease.

A. Standard of Review

1. Legal Sufficiency

In determining a “no-evidence” issue, we are to consider only the evidence and inferences that tend to support the finding and disregard all evidence and inferences to the contrary.
(footnote: 4) 
 Anything more than a scintilla of evidence is legally sufficient to support the finding.
(footnote: 5)  More than a scintilla of evidence exists if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about the existence of a vital fact.
(footnote: 6)
 A “no-evidence” issue may only be sustained when the record discloses one of the following:  (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; or (4) the evidence establishes conclusively the opposite of a vital fact.
(footnote: 7)
 When we sustain a “no-evidence” issue, it is our duty to render judgment for the appellant because that is the judgment the trial court should have rendered.
(footnote: 8)
2. Substantive Law

Under Texas Government Code section 2253.001, a payment bond beneficiary may recover under a payment bond if the public work material supplied is “
reasonable rental
 and actual running repair costs for construction equipment used, or reasonably required and delivered for use, directly to carry out work at the project site.”
(footnote: 9)  U.C.C. section 1.201(37) states, in part, that a lease is not a true lease but is, as a matter of law, a security interest in goods being purchased if the initial lease term cannot be terminated by the lessee, and “the lessee has an option to renew the lease for the remaining economic life of the goods for no additional consideration or nominal additional consideration upon compliance with the lease agreement,“ or upon compliance with the lease, the lessee has “an option to become the owner of the goods for no additional consideration or nominal additional consideration.”
(footnote: 10)  That is, the goods are determined to be purchased, not leased, because the lease is, in effect, acting merely as a security interest in the goods.
(footnote: 11)  Only if the consideration is not nominal does the determination of whether the lease was intended for security become a question of fact.
(footnote: 12)
 Two tests are used to determine whether consideration is nominal.  First, if “a comparison of the option price with the market value of the equipment at the time the option is to be exercised” shows that the lessee is acquiring the property at a substantially lower price, then the consideration is nominal.
(footnote: 13)   
Additionally, the consideration is nominal if “the terms of the option are such as to leave the lessee with no sensible alternative but to exercise the option.”
(footnote: 14) 

3. Application of the Law to the Facts

Appellants argue that there is no evidence that Bee was a payment bond beneficiary entitled to make a claim under the payment bond.  Rather, Appellants argue that Bee is not a payment bond beneficiary because the equipment transaction was a purchase disguised as a lease, and thus, Lauderback as a matter of law purchased the equipment; he did not lease it.  

Considering only the evidence presented that supports the finding that Bee leased the equipment to Lauderback,
(footnote: 15) we conclude that the lease with option to purchase was not a true lease because Lauderback could become the owner of the equipment for merely nominal consideration; the lease was a security interest in the equipment purchased. 

Although Bee testified that the option to purchase was never exercised, there is no evidence in the record to show that under the terms of the lease, had Lauderback later elected to purchase the equipment, the consideration would not have been merely nominal.
(footnote: 16)  In response to questions about exercising the option to purchase the equipment, specifically including how much consideration would be owed, Bee testified as follows:

Q. So if he had made his $5,000.00 payments a month for 19 months, the--all of that would apply to the purchase price; is that correct?

A. Yes.

Q. And since 100 percent had been applied to the purchase price, the balance would be zero?

A. No, sir.

Q. Okay.  Well, then you would have the interest rate; is that correct?

A. Plus the interest and sales tax, yes, sir.

. . . .

Q. Okay. Now, obviously, the interest and the--the interest--if he had been paying for 19 months, the interest that would have accrued during that 19 months would have been substantially less than [market value]; isn’t that right?

A. I would think so yes.

Therefore, the only evidence presented conclusively confirms that, under the month-to-month term, if Lauderback had properly made all his rental payments for as long as it would take him to “pay off” the cost of the equipment, all the remaining consideration required for Lauderback to purchase the equipment would be the nominal interest and sales tax, nothing more.  Furthermore, the record reflects that the interest and sales tax would be substantially less than the market value and would leave Lauderback no other reasonable option but to purchase the equipment.
(footnote: 17)  Thus, the consideration was nominal.

Therefore, the “lease” fails to meet the test for nominal consideration.  Consequently, the equipment transaction as a matter of law was not a lease but was merely a security interest in the equipment purchased.

III. Conclusion

Because the transaction was not a lease, Bee was not a payment bond beneficiary under section 2253.001 of the Texas Government Code.  We sustain Appellants’ first issue and do not reach Appellants’ remaining six issues.
(footnote: 18)  We reverse the trial court’s judgment and render judgment that Bee take nothing from Appellants.

LEE ANN DAUPHINOT

JUSTICE 

PANEL A: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

CAYCE, C.J. dissented without opinion.

DELIVERED:  October 16, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. Gov’t Code Ann. 
§ 2253.021 (Vernon 2000).

3:
Id
. 
§ 2253.073.

4:
Bradford v. Vento
,
 
48 S.W.3d 749, 754 (Tex. 2001)
; Cont’l Coffee Prods. Co. v. Cazarez
,
 
937 S.W.2d 444, 450 (Tex. 1996);
 In re King's Estate
, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

5:
Cazarez,
 937 S.W.2d at 450;
 Leitch v. Hornsby
, 935 S.W.2d 114, 118 (Tex. 1996).

6:
Rocor Int’l
,
 Inc. v. Nat’l Union Fire Ins. Co.
, 77 S.W.3d 253, 262 (Tex. 2002).

7:
Uniroyal Goodrich Tire Co. v. Martinez
, 977 S.W.2d 328, 334 (Tex. 1998) (citing Robert W. Calvert, 
"No Evidence"
 
and "Insufficient Evidence" Points of Error
, 38 T
EX
. L. R
EV
. 361, 362-63 (1960)),
 cert. denied
, 526 U.S. 1040 (1999).

8:
See
 T
EX
. R. A
PP
. P. 43.3; 
Vista Chevrolet
,
 Inc. v. Lewis
, 709 S.W.2d 176, 176 (Tex. 1986) (quoting
 Nat’l Life & Accident Ins. Co. v. Blagg
, 438 S.W.2d 905, 909 (Tex. 1969)).

9:
Tex. Gov’t Code Ann. 
§ 2253.001(6)(C) (emphasis added).

10:
Tex. Bus. & Com. Code Ann
. § 1.201(37)(B)(iii)–(iv) (Vernon 1994); 
see also
 
Superior Packing
,
 Inc
. 
v. Worldwide Leasing & Fin.
,
 Inc.
, 880 S.W.2d 67, 71–72 (Tex. App.—Houston [14th Dist.] 1994, writ denied);
 Fed. Sign & Signal Corp. v. Berry
, 601 S.W.2d 137, 139–40 (Tex. Civ. App.—Austin 1980, no writ); 
Davis Bros. v. Misco Leasing
,
 Inc.
, 508 S.W.2d 908, 912 (Tex. Civ. App.—Amarillo 1974, no writ).

11:
See Superior Packing
, 880 S.W.2d at 72; 
see also
 
Tex. Bus. & Com. Code Ann
. § 1.201(37); 
Horton v. Dental Capital Leasing Corp
., 649 S.W.2d 655, 657 (Tex. App.—Texarkana 1983, no writ).  
But see Fed. Sign
, 601 S.W.2d at 140.

12:
Superior Packing
, 880 S.W.2d at 72; 
Horton
, 649 S.W.2d at 657–58 (Bleil, J., concurring); 
Fed. Sign
, 601 S.W.2d at 140; 
Davis Bros.
, 508 S.W.2d at 912.

13:
Fed. Sign
, 601 S.W.2d at 140; 
Tackett v. Mid-Continent Refrigerator Co.
, 579 S.W.2d 545, 548 (Tex. Civ. App.—Fort Worth 1979, writ ref’d n.r.e.); 
Davis Bros.
, 508 S.W.2d at 912.

14:
Fed. Sign
, 601 S.W.2d at 140; 
Tackett
, 579 S.W.2d at 548; 
Davis Bros.
, 508 S.W.2d at 912.

15:
Bradford
, 48 S.W.3d at 754; 
Cont’l Coffee Prods
., 937 S.W.2d at 450; 
King’s Estate
, 244 S.W.2d at 661.

16:
Fed. Sign
, 601 S.W.2d at 140; 
Tackett
, 579 S.W.2d at 548; 
Davis Bros.
, 508 S.W.2d at 912.

17:
Fed. Sign
, 601 S.W.2d at 140; 
Tackett
, 579 S.W.2d at 548; 
Davis Bros.
, 508 S.W.2d at 912.

18:
See
 Tex. R. App. P
. 47.1.