**LIBERTY MUTUAL FIRE INSURANCE
COMPANY, Appellant,**

**v.**

**Roland McDONOUGH, Appellee.**

**No. 08–86–00100–CV.**

Court of Appeals of Texas,
El Paso.

June 10, 1987.

John E. Gunter, Rassman, Gunter & Boldrick, Midland, for appellant.

Ruff Ahders, Odessa, Michol O'Connor, Houston, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

OSBORN, Chief Justice.

This appeal is from a judgment awarding damages against a workers' compensation carrier for failure to authorize and pay medical expenses in accordance with a compromise settlement agreement within a reasonable time. The judgment is reformed, and as reformed is affirmed.

In March, 1983, these parties entered into a compromise settlement agreement and thereby settled a workers' compensation claim resulting from an accident a year earlier. Although the compromise settlement agreement[1] does not specifically so provide and was not artfully completed, the parties agree that Liberty Mutual Insurance Company agreed to pay all future hospital and medical expenses resulting

from the claimant's injury, to be performed under the direction or referral of Drs. William R. Mims or Stephen E. Driscoll for a period of five years. The agreement expressly provided that the Industrial Accident Board "shall have continuing jurisdiction of all medical benefits provided by this Compromise Settlement Agreement and The Texas Workers' Compensation Act until all obligations described herein are fully discharged."

The claimant had two back operations prior to the settlement agreement and two more operations after the agreement. When a fifth operation was recommended by Dr. Driscoll, the claims supervisor refused to authorize the surgery until he obtained a second opinion that the surgery was necessary. After the surgery was performed in October, 1984, the carrier did not pay the medical bills for the doctor and the hospital until a hearing was set before the Industrial Accident Board in March, 1985. Mr. McDonough filed suit in February, 1985, seeking to recover damages resulting from the unreasonable delay in payment of his medical bills. He alleged a violation of Section 17.46, Tex.Bus. & Com.Code Ann., and sought recovery under Section 16 of Article 21.21, Tex.Ins.Code Ann. He also alleged a breach of the common-law duty of good faith and fair dealing. In answer to special issues, the jury found: (1) Liberty Mutual represented in the compromise settlement agreement that it would provide medical benefits, (2) Liberty Mutual failed to provide medical benefits it promised, (3) that such failure was a producing cause of damages to Roland McDonough, (4) Liberty Mutual engaged in unreasonable delay in paying medical bills submitted to it, (5) that such delay was an unfair act or practice in the business of insurance, (6) that such unfair act or practice was a producing cause of injury to Roland McDonough, (7) that $10,000.00 would reasonably compensate Roland McDonough for past mental anguish and suffering resulting from the actions of Liberty Mutual, (8), (9), (10) "0"

---

1. FUTURE MEDICAL EXPENSES

Claimant will pay for all future hospital and medical expenses, if any, resulting from said injury except for the period until 3/23/88 at the

direction or referral of William R. Mims, M.D., Stephen E. Driscoll, M.D., and/or the Sheets Eye Clinic.

damages for inconvenience and loss of time, loss of credit standing and unpaid medical expenses, (11) that the representation as to providing medical benefits was "knowingly" made, (12) $25,000.00 as "additional damages" as a penalty and punishment, (13) Liberty Mutual breached its duty of good faith and fair dealing, (14) such breach was a heedless and reckless disregard of the rights of others, (15) such breach was a proximate cause of the occurrence, (16) "0" for "exemplary damages," and (17) $10,000.00 for reasonable attorney's fees. Judgment was entered awarding Roland McDonough $47,000.00, plus interest and costs.

The Appellant contends in its first point of error that the trial court erred in hearing the case where no subject matter jurisdiction existed. The argument is made that the Industrial Accident Board had continuing jurisdiction over all future medical benefits and that until the Board acted the district court had no jurisdiction of this cause of action. Certainly, that would be true if this were only an attempt to recover the amount of unpaid medical expenses. *Smith v. Stephenson*, 641 S.W.2d 900 (Tex. 1982). But, this is a suit to recover incidental damages resulting from the failure to pay medical expenses and not to recover the amount of those expenses. We do not believe Liberty Mutual had an obligation to pay any incurred medical bills about which there was a dispute until the Board determined that the services rendered were necessary and the amounts of the bills were reasonable. Art. 8307, Sec. 12b, Tex.Rev. Civ.Stat.Ann. That provision of the Act provides that a dispute arises when a written refusal of payment has been filed with the Board. Since only the carrier can refuse payment, it would appear that normally the carrier would invoke the jurisdiction of the Board to make a determination as to whether medical bills which may be disputed are reasonable and for necessary treatment. We conclude that in order to avoid liability for any medical treatment provided by Dr. Driscoll for a period of five years from the date of the compromise settlement agreement, Liberty Mutual had an obligation to file a written notice of refusal to pay specified medical bills with the Board as provided by Section 12b, Article 8307, Tex.Rev.Civ.Stat.Ann. It would then be liable only if the Board approved the disputed bills.

■ Although the trial court overruled a motion to dismiss, that motion is not a part of the record and we are unable to determine the basis for the motion. We conclude that error has not been preserved. The evidence does reflect that the disputed bills had been filed with the Industrial Accident Board and the matter set for hearing when the carrier made the payments. That payment disposed of any dispute as to those bills. We conclude the trial court had jurisdiction of this suit regardless of any filing or order by the Industrial Accident Board, although the carrier may have had a good defense and no obligation to pay the disputed bills until the entry of the Board's award ordering payment. Point of Error No. One is overruled.

The carrier's next two contentions are that the claimant had no cause of action under Article 21.21, Tex.Ins.Code Ann., and no cause of action for breach of a duty of good faith and fair dealing. In *The Aetna Casualty and Surety Company v. Marshall*, 30 Tex.Sup.Ct.J. 155, 724 S.W.2d 770 (Jan. 24, 1987), the Court held that Section 16 of Article 21.21 makes actionable any violation of Tex.Bus. & Com.Code Ann. sec. 17.46. It said misrepresentations as to benefits are precisely the sort of conduct which gives rise to a cause of action under Section 17.46. As in the *Marshall* case, all damages in this case were awarded for the statutory cause of action and the issue as to the duty of good faith and fair dealing becomes immaterial. We note that in *Glen Arnold v. National County Mutual Fire Insurance Company*, 30 Tex.Sup.Ct.J. 177, 725 S.W.2d 165 (Jan. 31, 1987), the Court recognized a duty on the part of insurers to deal fairly and in good faith with their insureds. But, Roland McDonough is not an insured. We need not decide in this case if the duty extends to a third-party beneficiary. Points of Error Nos. Two and Three are overruled.

Appellant asserts in the next two points that the trial court erred in failing to require proof that the medical bills were reasonable and necessary. First, we note that there was no issue submitted to the jury which inquired if the bills were reasonable and necessary. Second, the bills were paid before the Industrial Accident Board was required to make that determination and either approve or disapprove the bills. Third, there is no dispute about a Board order since the matter became moot when the bills were paid prior to a Board decision. By paying the bills in dispute prior to a Board order, the carrier waived any right to complain and may not litigate an issue it chose to make moot. Points of Error Nos. Four and Five are overruled.

In Point of Error No. Six, Appellant urges that there is no evidence to support either the submission of or the answer to Special Issue No. Thirteen finding a breach of a duty of good faith and fair dealing. Since the jury awarded no damages in answering Special Issue No. Sixteen, all issues on the breach of this alleged common-law cause of action are immaterial. Point of Error No. Six is overruled.

Appellant's next contention is that there is no evidence to support the submission of or the answer to Special Issue No. Eleven where the jury found that Appellant knowingly made false representations in the compromise settlement agreement. The jury was instructed that "knowingly" means "actual awareness by the Defendant of the falsity or deception, if any, of the representations made by Defendant, if any, but actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness." There is no direct evidence that Liberty Mutual "knowingly" made the representations that it would provide medical benefits. In *The Aetna Casualty and Surety Company v. Marshall, supra,* the Court noted that the claimant encountered difficulties almost immediately after the settlement in obtaining payments for medical expenses.

In this case, the Appellant testified that some pharmacy bills were not paid and he could not get prescriptions shortly after entering into the compromise settlement agreement. The real dispute arose over the fifth operation. Mr. McDonough had lumbar laminectomies in October, 1982, in March, 1983, in September, 1983, and in January, 1984. When a fifth operation was recommended in October, 1984, Liberty Mutual refused to authorize it without an opinion from another doctor that the operation was necessary. The operation was performed on an emergency basis, and the hospital and doctor bills were not paid until March, 1985, just before an Industrial Accident Board hearing. There were other bills which were apparently unpaid and were referred to collection agencies before being paid. The total medical bills paid at the time of trial was $74,000.00.

If Liberty Mutual timely paid for four operations, two before and two after entering into the compromise settlement agreement, we do not believe that a delay in paying for the fifth operation would be any evidence of any false or deceptive representations at the time the company entered into the compromise settlement agreement and agreed to pay future medical benefits for five years. That may have been evidence of a breach of a duty of good faith and fair dealing, but would not be a showing that the representations about medical benefits were "knowingly" made as that term was defined.

But the record before us reflects that on several occasions some unpaid bills were sent to Liberty Mutual by Appellee's counsel for payment, some even after they had been turned over to a collection agency. None of those bills or the correspondence were brought to this Court as a part of the record. No exhibits appear with the statement of facts. We are unable to determine how long some bills remained unpaid or how soon after the compromise settlement agreement was entered into they became due and payable. Without a complete record, we must presume that the evidence supports the jury finding. *Englander Co. v. Kennedy,* 428 S.W.2d 806 (Tex.1968). Point of Error No. Seven is overruled.

Liberty Mutual next urges error in entering judgment on the verdict because there is no evidence to support the answer to Special Issue No. Fourteen finding a heedless and reckless disregard of the rights of others. Again, this answer became immaterial when the jury found no damages in answer to Special Issue No. Sixteen. Point of Error No. Eight is overruled.

The next complaint is that there is no evidence or insufficient evidence that the medical bills were incurred for the treatment of the injury made the basis of the compromise settlement agreement. That determination was to be made by the Industrial Accident Board in the case of any dispute. When Liberty Mutual paid the bills before a hearing by the Board, it rendered moot any question about whether the bills were for treatment of the injury made the basis of the original claim and subsequent compromise settlement agreement. Point of Error No. Nine is overruled.

■ Point of Error No. Ten presents the issue that the trial court erred in entering judgment on the verdict because there was no evidence or there was insufficient evidence to prove any harm or injury to the Appellant. A point of error in which the assertion is made that the evidence is factually or legally insufficient to support the judgment of the trial court does not present a justiciable question. *Benefit Trust Life Insurance Company v. Baker*, 487 S.W.2d 406 (Tex.Civ.App.—Waco 1972, no writ). It is essential that the complaint on appeal be with regard to specific special issues and not the verdict generally. Point of Error No. Ten is overruled.

■ The Appellant urges in the next two points that the trial court erred in awarding additional damages and damages for past mental anguish and suffering in a non-tort action and without a finding of any actual damages. In *Luna v. North Star Dodge Sales, Inc.*, 667 S.W.2d 115 (Tex.1984), the Court held that finding unconscionable actions where committed "knowingly" was sufficient to support recovery of mental anguish damages. Where the defendant's conduct was committed "knowingly," the trier of facts may

award discretionary damages up to specified amount or may deny such a recovery. *Martin v. McKee Realtors, Inc.*, 663 S.W.2d 446 (Tex.1984). In *The Aetna Casualty and Surety Company v. Marshall, supra*, the Court permitted a recovery for past mental anguish where there were findings of a violation of Section 17.46, Tex. Bus. & Com.Code Ann. Points of Error Nos. Eleven and Twelve are overruled.

Points of Error Nos. Fourteen, Fifteen, Sixteen and Seventeen all complain about the court's charge. We will find no conflict in the answers to Special Issues Nos. Seven and Ten. One inquired about damages for mental anguish and the other about unpaid medical expenses. Liberty Mutual eventually paid all medical expense and the jury properly answered Special Issue No. Ten with a finding of "0." But because of the delay in making payments, the jury awarded damages for mental anguish. In any event, there was no objection to the issues that they presented identical claims or would result in double damages. Neither was there proper objection that other issues were redundant, unidentified or ambiguous.

With regard to the complaints that the court failed to define "past mental anguish and suffering" and "unfair act or practice in the business of insurance" and "unreasonable" and "breach of duty of good faith and fair dealing," error has not been preserved. Since those terms were not defined in the court's charge, it was incumbent upon the Appellant to furnish the court a substantially correct definition. Rules 273 and 279, Tex.R.Civ.P.; *Frontier Feedlots, Inc. v. Conklin Bros., Inc.*, 476 S.W.2d 31 (Tex.Civ.App.—Amarillo 1971, no writ); *Lyles v. Texas Employers' Insurance Association*, 405 S.W.2d 725 (Tex.Civ. App.—Waco 1966, writ ref'd n.r.e.).

■ Appellant did object to the instruction given with regard to the way the jury was to answer Special Issues Nos. Seven, Eight, Nine and Ten. Objection was made that the jury was not advised that they could answer "none." We believe the objection was valid and it was error to refuse to advise the jury that they could either

answer in "dollars and cents" or "none." In this case, the jury awarded damages in answer to Special Issue No. Seven and answered "0" to Special Issues Nos. Eight, Nine and Ten. Since they knew they could make such an answer and did so where they determined that such an answer was appropriate, we find the erroneous instruction with regard to Special Issue No. Seven does not show reversible error. Points of Error Nos. Thirteen, Fourteen, Fifteen, Sixteen and Seventeen are overruled.

 Complaint is made in Point of Error No. Nineteen about the award of damages by the trial court. Liberty Mutual asserts the trial court erred in awarding $2,000.00 which was the net effect of a trebling of the first $1,000.00 in actual damages, as is provided for in Section 17.50, Tex.Bus. & Com.Code Ann. But, this case was filed to recover damages under Section 16, Article 21.21, Tex.Ins.Code Ann. Under that provision, before the 1985 amendment, any plaintiff who prevails may obtain "three times the amount of actual damages," plus court costs and attorney's fees. Under the holding in *Jim Walter Homes, Inc. v. Valencia*, 690 S.W.2d 239 (Tex.1985), the treble damages are calculated by making the total award three times the actual damages as found by the jury. In this case, the total award should not have exceeded $30,-000.00, plus the attorney's fees. The trial court erred in doubling the first $1,000.00, since this was a suit to recover damages under the Insurance Code and not the Business and Commerce Code. The point of error complaining about the $2,000.00 award by the trial court is sustained. There is no complaint about the additional $5,000.00 by which the judgment is excessive.

Lastly, Appellant asserts attorney's fees cannot be awarded where the jury found no proven actual damages. In *Aetna Casualty & Surety Co. v. Marshall*, 699 S.W.2d 896 (Tex.App.—Houston [1st Dist.] 1985), *aff'd, The Aetna Casualty & Surety Co. v. Marshall, supra,* the court of appeals noted that the actual damages found by the jury included unpaid medical expenses and past mental anguish. We find no error in the awarding of attorney's fees where the jury found past mental anguish as actual damages. Points of Error Nos. Eighteen and Nineteen are overruled.

The judgment of the trial court is reformed to delete the sum of $2,000.00 as awarded by the trial court, and as reformed is affirmed to award the Appellee the sum of $45,000.00, plus interest and costs.