Robert L. ANDERSON, Appellant

v.

Alvis GILBERT, Appellee.

No. 05–93–00388–CV.

Court of Appeals of Texas, Dallas.

Sept. 27, 1994.

Rehearing Denied Dec. 2, 1994.

George C. Black, Jr. and Carl A. Generes, Dallas, for appellant.

Robert W. Buchholz, Dallas, for appellee.

Before BAKER, OVARD and MORRIS, JJ.

## OPINION

OVARD, Justice.

This is an appeal from a judgment entered in favor of appellee on a promissory note. We affirm.

### I. FACTUAL BACKGROUND

The record reflects that appellant Robert L. Anderson, along with others,[1] purchased an apartment complex in south Dallas from Alvis Gilbert (appellee) and Donald J. Gideon. Appellant executed a promissory note dated December 7, 1979 for $45,000. To secure payment for the note, appellant also executed a deed of trust on December 7, 1979 to appellee and Gideon. Gideon died at some point after co-executing the note with appellee.

In 1982, appellant and his partners sold the apartment to D.W. Redmon Investments (Redmon), of which appellant was a limited partner. Appellant wrote the checks in payment on the note for Redmon. In 1985, appellant moved to Valencia, California. Redmon sold and transferred the property to

---

1. The other parties were later non-suited.

Angie Dickson in a wraparound transaction. Dickson then made payments to Redmon. Redmon, in turn, made payments on the note to appellee. However, after July 1987, appellee did not receive any more payments.

On September 14, 1987, Robert W. Bucholz executed a notice of substitute trustee sale. He set a foreclosure sale date of October 6, 1987. On September 15, 1987, Bucholz sent a letter to appellant accelerating the principal balance due under the promissory note; demanding payment; and stating that Bucholz would hold a foreclosure sale on October 6, 1987. On September 21, 1987, appellee executed an appointment of a substitute trustee and on October 6, Bucholz executed a substitute trustee's deed, concluding the foreclosure sale and conveying the property to appellee. On October 6, 1987, appellee took possession of the property. He continued to own, manage and operate the property until the date of trial.

After the first foreclosure sale, appellant complained of irregularities in the sale. He requested an opportunity to cure the default. On October 4, 1988, appellee conducted a second foreclosure sale. Appellee again was the successful bidder and took possession of the property.

On June 1, 1990, appellee sued appellant on the note. Appellee alleged that appellant and others executed the promissory note; Gideon assigned his interest in the promissory note and deed of trust to appellee in August 1987; appellant defaulted on the note; and there was a deficiency balance of $37,087.46. Appellant counterclaimed, again citing irregularities in the first sale. Appellant alleged that the deceased Gideon was a necessary party to appellee's suit on the note. The trial court entered judgment for appellee.

## II. DISCUSSION

### A. Waiver

■ In his first seven points of error, appellant argues the trial court "erred in granting judgment for appellee" for a variety of reasons. However, these points of error attack the judgment rather than a specific finding of fact. These points of error do not present a justiciable question. *See Fiduciary Mortg. Co. v. City Nat'l Bank*, 762 S.W.2d 196, 204 (Tex.App.—Dallas 1988, writ denied); *Liberty Mut. Fire Ins. Co. v. McDonough*, 734 S.W.2d 66, 70 (Tex.App.—El Paso 1987, no writ). We overrule appellant's first seven points of error.

### B. Admission of Evidence

In his ninth point of error, appellant contends the trial court erred in admitting the testimony of the deceased Gideon's widow. At trial, Mrs. Gideon testified that she signed a document entitled Assignment and Deed of Trust, assigning the promissory note and deed of trust to appellee in August 1987. She said that she did not keep a copy of the assignment. Appellant objected. He argued that the trial court should strike this witness's testimony because appellee's answer to an interrogatory requesting the names, addresses and telephone numbers of all persons having knowledge of the facts of the case did not include Mrs. Gideon's address and telephone number.

Appellant admitted that the week before trial, he found Mrs. Gideon's telephone number and address in the telephone directory. He also conceded that he spoke with her the week before trial in a telephone conversation. The trial court overruled appellant's objection because appellant admitted that he had been able to contact Mrs. Gideon the week before trial.

Appellant argues that because "Mrs. Gideon's address and telephone number were at all times known to [a]ppellee and were not properly disclosed in answers to interrogatories," the trial court should have automatically excluded her testimony. *See Sharp v. Broadway Nat'l Bank*, 784 S.W.2d 669 (Tex. 1990) (absence of surprise or unfairness does not alone satisfy good cause exception to sanction of automatic exclusion).

■ At the outset, we note that appellant has not included in the transcript any pretrial discovery material. Consequently, any alleged deficiencies in appellee's answers to interrogatories, and any motions to compel or motions for sanctions by appellant (if there were any) are not part of the record on

appeal. Thus, the issue of whether the trial court abused its discretion in admitting the testimony is not before us on appeal. It was appellant's responsibility to present a sufficient record to show error requiring reversal. *See* TEX.R.APP.P. 50(d). He did not do so. We overrule appellant's ninth point of error.

### C. Exclusion of Evidence

In his eighth point of error, appellant contends the trial court erred in excluding evidence about fair market value of the apartment complex. The record actually shows that the trial court did not refuse appellant's offer of testimony.

■ We conclude the record does not support appellant's contention that the trial court refused to let him testify about the property's fair market value. At trial, on voir dire examination, appellant testified that he did not have a license to practice real estate or to appraise property in Texas. He said that when he went by to view the property in September 1987, he did not go into all of the eight apartment units. He said that he did go into a "couple" of the units. When asked what comparable cash sales in the area he reviewed to form an opinion about the property's value, appellant said that he had not reviewed any cash sales. He explained that in the neighborhood where the property was located, there had been no cash sales.

Appellee then objected to appellant's offering an expert opinion concerning value. Appellee alleged that voir dire had shown that appellant did not qualify as an expert to testify about Texas property values. He asserted that appellant had not performed any cash sales analyses to determine the cash value of the property on the date of the foreclosure. Nevertheless, the trial court ruled that appellant "can give his opinion but without any comparable sales, I don't think it has much weight to it." Thus, the record shows that contrary to appellant's assertion, the trial court permitted appellant to testify about the property's value.

■ Under this point of error, appellant also asserts the trial court should have permitted him to introduce tax statements to prove the appraised value listed on the statements and also to show the basis on which appellant based his opinion of the property's market value.

The record shows that at trial, appellant offered certified copies of Dallas County tax statements appraising the foreclosed property in the years 1987 and 1988 to show "market value." Appellee objected on the grounds of relevance. Appellee contended the statements did not show how the County arrived at the appraisal numbers, but merely showed the amount of taxes the County assessed against the property. The trial court admitted the statements "for the purpose of showing how much taxes were paid."

■ The admission or exclusion of evidence is a matter within the discretion of the trial court. The standard of review in determining whether a trial court erred in an evidentiary ruling is abuse of discretion. *Jackson v. Van Winkle,* 660 S.W.2d 807, 810 (Tex.1983). The test is whether the court acted without reference to any guiding rules or principles, or whether its action was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). The determination of whether a court abused its discretion is a matter of law. *Jackson,* 660 S.W.2d at 810.

Without citing any caselaw, appellant argues the "tax statements should have been admitted for all purposes proposed by [a]ppellant and it was error for the [t]rial [c]ourt not to do so." However, the record shows the trial court permitted appellant to take the stand as an expert witness and testify at great length as to his opinion of the fair market value of the property. We conclude that the trial court did not abuse its discretion in limiting appellant's use of the tax records to show the amount of taxes Dallas County assessed the against the property.

■ Appellant also argues the trial court should have allowed him to introduce into evidence a document he prepared entitled "income approach to value." On voir dire, appellee cross-examined appellant about the document. Appellant explained he drafted the document to show what rent the property

brought in between January and September 1987. However, appellant admitted he did not know if any of the tenants were actually paying rent. He also conceded he did not know what kind of rent the property was actually generating. The document, he said, was not based on actual rent receipts. Appellee objected on the grounds that the document was speculative, had no basis in fact, and was not based on the actual production in the performance of the property. The trial court sustained the objection.

We conclude that the trial court did not abuse its discretion in sustaining appellee's objection. *See Downer,* 701 S.W.2d at 241–42. We are of the opinion that the excluded evidence was speculative and had no basis in fact, and thus was not relevant to any material issue in the case. The trial court properly excluded it. We overrule appellant's eighth point of error.

### D. Findings of Fact and Conclusions of Law

In his brief, appellant also brings a tenth point of error. In it, he complains that the trial court erred in failing to file findings of fact and conclusions of law after timely request and reminder to do so. We have previously sustained appellant's tenth point of error and abated the appeal and directed the trial court to enter findings of fact and conclusions of law. These findings and conclusions are now part of the record. This point is moot. We overrule appellant's tenth point of error.

We affirm the trial court's judgment.