ACCEPTED
03-14-00670-CV
5515528
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/2/2015 4:04:16 PM
JEFFREY D. KYLE
CLERK

## NO. 03-14-00670-CV

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/2/2015 4:04:16 PM
JEFFREY D. KYLE
Clerk

MARY E. ALLEN,
Appellant,

v.

WELLS BRANCH SELF STORAGE,
Appellee.

On Appeal from the County Court at Law #2
Of Travis County, Texas

### BRIEF OF APPELLEE

**COUNSEL:**
**Connie N. Heyer**
**1122 Colorado St.**
**Ste. 313**
**Austin, Texas 78701**
**Telephone: (512) 474-6901**
**Facsimile: (512) 474-0717**
**E-mail: connieheyer@niemannlaw.com**

**Oral Argument Not Requested**

## IDENTITY OF PARTIES AND COUNSEL

Petitioner/Plaintiff:

    Mary E. Allen

Counsel for Petitioner/Plaintiff:

    Mary E. Allen, Pro Se
    General Delivery
    823 Congress, Ste. 150
    Austin, Texas 78701
    Telephone: (512) 701-8080

Respondent/Counter-Plaintiff:

    Wells Branch Self-Storage

Counsel for Respondent/ Counter-Plaintiff:

    Connie N. Heyer
    Texas State Bar No. 00794373
    1122 Colorado St., Ste. 313
    Austin, Texas 78701
    Telephone: (512) 474-6901
    Facsimile: (512) 474-0717

# TABLE OF CONTENTS

I.  STATEMENT OF FACTS ........................................................ 6

II.  SUMMARY OF ARGUMENT ............................................... 7

III.  ARGUMENT ................................................................... 8

    A.  NO JUSTICIABLE QUESTION WAS PRESENTED TO
        THIS COURT ................................................................ 8

    B.  APPELLANT WAIVED ARGUMENT ON APPEAL .............. 10

    C.  EVEN IF A JUSTICIABLE QUESTION WERE
        PRESENTED AND APPELLANT HAS NOT
        WAIVED ARGUMENT ON APPEAL, APPELLANT
        DID NOT ARGUE ANY REVERSIBLE ERROR .................. 10

IV.  CONCLUSION .............................................................. 11

V.  APPENDIX ................................................................... 13

    A.  TRIAL COURT'S JUDGMENT (C-1-CV-14-007235) ........TAB A

    B.  TEXAS RULE OF APPELLATE PROCEDURE 38.1..........TAB B

    C.  TEXAS RULE OF APPELLATE PROCEDURE 44.1..........TAB C

**TABLE OF AUTHORITIES**

**<u>RULES</u>**

Tex. R. App. P. 44.1 ................................................................ 7, 10

Tex. R. App. P. 38.1 ................................................................. 10

**<u>CASES</u>**

*Benefit Trust Life Insurance Company v. Baker*, 487 S.W.2d 406
(Tex. Civ. App.—Waco 1972, no writ) ........................................ 7

*Bullock v. American Heart Ass'n*, 360 S.W.3d 661
(Tex. App.—Dallas 2012, pet. denied) ........................................ 10

*Chrysler Corp. v. Blackmon*, 841 S.W.2d 844 (Tex. 1992) .......................... 9

*Fiduciary Mortgage Co. v. City Nat'l Bank*, 762 S.W.2d 196
 (Tex. App.—Dallas 1988, writ denied) ........................................ 9

*Keyes Helium Co. v. Regency Gas Servs., L.P.*, 393 S.W.3d 858
(Tex. App.—Dallas 2013, no pet.) ............................................. 10

*Liberty Mutual Fire Ins. Co. v. McDonough*, 734 S.W. 2d 66
(Tex. App.—El Paso 1987, no writ) ........................................... 7

*Mansfield State Bank v. Cohn*, 573 S.W.2d 181 (Tex. 1978) ......................... 8

*Point Lookout West, Inc. v. Whorton*, 742 S.W.2d 277 (Tex. 1987) ............... 9

*Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) ................................. 8

## STATEMENT OF THE CASE

This is an appeal from a judgment rendered by the County Court at Law #2 of Travis County, Texas awarding damages for past-due self-storage facility rent and attorney's fees to Wells Branch Self Storage.

## ISSUE PRESENTED

1. Did Appellant properly present a justiciable question that this Court may rule on?

2. If Appellant's brief is construed to present a justiciable question, is there any reversible error?

# I. STATEMENT OF FACTS

On April 16, 2013, Mary E. Allen, Appellant, and Wells Branch Self Storage, Appellee, entered into a rental agreement whereby Appellant would rent a storage unit from Appellee. Clerk's Record at 51–55. Appellant subsequently became delinquent on rental payments. *Id.* at 61.

In February of 2014, Appellant filed suit in Justice Court, Precinct Two of Travis County, Texas seeking damages and alleging that all rent amounts had been paid on time and that an employee of Appellee had stolen a rental payment. *Id.* at 80–82. In April of 2014, Appellee filed a counterclaim alleging breach of contract and requesting damages for unpaid rent and attorneys' fees. *Id.* at 49–55. On July 11, 2014, the Justice Court rendered a judgment in favor of Appellee awarding damages and attorneys' fees. *Id.* at 42.

Appellant filed a motion for new trial with the County Court at Law #2 of Travis County, Texas in September of 2014. *Id.* at 119–20. A jury trial was not requested. *Id.* On October 16, 2014, the County Court at Law rendered a judgment in favor of Appellee awarding damages and attorneys' fees plus court costs and post judgment interest at a rate of 5% per annum on all amounts due from the date of the judgment until paid. *Id.* at 122.

Appellant filed notice of appeal on October 22, 2014. *Id.* at 123.

## II. SUMMARY OF ARGUMENT

Appellant makes no point of error in her brief, but rather merely summarizes what she believes to be the facts of the case. Appellant's brief did not even assert that the evidence is factually or legally insufficient to support the judgment of the trial court, but had it done so a justiciable issue still would not exist. A point of error in which the assertion is made that the evidence is factually or legally insufficient to support the judgment of the trial court does not present a justiciable question. *Benefit Trust Life Insurance Company v. Baker*, 487 S.W.2d 406 (Tex. Civ. App.—Waco 1972, no writ). It is essential that the complaint on appeal be with regard to specific special issues and not the verdict generally. *Liberty Mutual Fire Ins. Co. v. McDonough*, 734 S.W. 2d 66, 70 (Tex. App.—El Paso 1987, no writ). Appellant did not request or file findings of fact and conclusions of law that the trial court relied on in support of the judgment rendered. There are no specific issues or findings of which Appellant complains, thus Appellant's appeal must fail.

Further, per Rule 44.1 of the Tex as Rules of Appellate Procedure, a judgment may be reversed on appeal if the trial court made an error at law that resulted in the rendition of an improper judgment or prevented the appellant from properly presenting their case to the court of appeals.

Appellant's does not argue that the trial court made any reversible error and instead merely reiterates conclusory factual allegations previously made to the trial court.

Therefore, this Court must affirm the trial court's judgment because Appellant presents no justiciable question to this Court. This Court must affirm the trial court's judgment even if Appellant has been construed to have presented a justiciable question because Appellant does not allege any reversible error.

## III. ARGUMENT

### A. No Justiciable Question Was Presented to This Court

While Appellant is a pro se litigant, Appellant must still comply with applicable substantive laws and rules of procedure. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184 (Tex. 1978). Although the court may liberally construe pro se pleadings and briefs, pro se litigants are still required to comply with applicable laws and rules of procedure. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005). To allow otherwise would give pro se litigants an unfair advantage over litigants represented by counsel. *See Mansfield State Bank*, 573 S.W.2d at 184.

The standard of review to be used by this Court is whether the evidence introduced at the trial court is legally and factually sufficient to support the

trial court's judgment. *See Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 852 (Tex. 1992) (stating legal and factual sufficiency of the evidence is applicable to an appeal of a nonjury trial). When a party appeals from a nonjury trial, it must complain of specific findings and conclusions of the trial court that it believes are in error, because a general complaint against the trial court's judgment does not present a justiciable question. *See Fiduciary Mortgage Co. v. City Nat'l Bank*, 762 S.W.2d 196, 197–98, 204 (Tex. App.—Dallas 1988, writ denied) (requiring findings of fact and conclusions of law to be requested or filed for there to be a justiciable question). If an appellant does not request or file findings of fact and conclusions of law and does not complain of a specific finding of fact, the court of appeals must presume that all questions of fact were found in support of the judgment, and the reviewing court must affirm that judgment on any basis. *See Point Lookout West, Inc. v. Whorton*, 742 S.W.2d 277, 278 (Tex. 1987) ("Neither party requested findings of fact and conclusions of law. Therefore, all questions of fact should have been presumed found in support of the judgment, and the judgment affirmed if it could be upheld on any basis." (citing *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex. 1977)).

In this case, the Appellant did not comply with applicable rules of procedure by failing to request or file findings of fact and conclusions of law

and does not complain of a specific finding of fact. As such, there is no justiciable question for this Court to decide, and the court must affirm the trial court's judgment.

## B.  Appellant Waived Argument on Appeal

Appellant's brief does not refer to or cite the record in any way.  As such, Appellant has waived any potential argument on appeal.  Tex. R. App. P. 38.1(i).  This Court has no duty to review a voluminous record without guidance from an appellant to determine if an issue raised constitutes reversible error.  *Keyes Helium Co. v. Regency Gas Servs., L.P.*, 393 S.W.3d 858, 861 (Tex. App.—Dallas 2013, no pet.); *Bullock v. American Heart Ass'n*, 360 S.W.3d 661, 665 (Tex. App.—Dallas 2012, pet. denied) (appellate court has no duty or right to perform an independent review of the record and applicable law to determine whether there was error).

## C.  Even If A Justiciable Question Were Presented and Appellant Has Not Waived Argument on Appeal, Appellant Did Not Argue Any Reversible Error

On April 29, 2015, Appellant filed a hand-written brief with this Court. Appellant's brief merely reiterates the same unsubstantiated factual allegations made previously by Appellant to the trial court.

Rule 44.1 establishes the standard for reversible error and states that a judgment may be reversed on appeal if the trial court made an error at law that resulted in the rendition of an improper judgment or prevented Appellant from properly presenting her case to this court. Even viewing Appellant's brief in the most favorable light, none of Appellant's arguments can be construed as arguing that the trial court made an error at law that resulted in the rendition of an improper judgment or prevented Appellant from properly presenting her case to this court. Therefore, this Court must affirm the trial court's judgment because Appellant does not allege any reversible error.

## IV.   CONCLUSION

Appellee requests that this Court affirm the trial court's judgment on the grounds that Appellant has not presented a justiciable question or, alternatively, that Appellant has not alleged any reversible error.

Appellee also requests all such other relief to which it may be entitled.

Respectfully submitted,

/S/ Connie N. Heyer

**Niemann & Heyer, L.L.P**
Connie N. Heyer
Counsel for Appellee
Texas State Bar No. 00794373
1122 Colorado Street, Ste. 313
Austin, Texas 78701
Telephone: (512) 474-6901
Facsimile: (512) 474-0717

11

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to Appellant at her last known address of record, via certified mail, return receipt requested on this __29__ day of ___May___, 2015.


 /S/ Connie N. Heyer
_____
Connie N. Heyer

     Mary E. Allen, Pro Se
     General Delivery
     823 Congress, Ste. 150
     Austin, Texas 78701

## CERTIFICATE OF COMPLIANCE

I hereby certify on this __29__ day of ___May___, 2015, that this document contains 1,280 words, which complies with Texas Rule of Appellate Procedure 9.4(i)(B).


 /S/ Connie N. Heyer
_____
Connie N. Heyer

# APPENDIX

| Tab | Document Description |
|-----|---------------------|
| A | **Trial Court's Judgment (C-1-CV-14-007235)** |
| B | **Texas Rule of Appellate Procedure 38.1** |
| C | **Texas Rule of Appellate Procedure 44.1** |

File Server:CLIENTS:WellsBranchSelfStorage:Allen Appeal:BriefIT5-15.pdf

CAUSE NO. C-1-CV-14-007235

| | | |
|---|---|---|
| MARY E. ALLEN, | § | IN THE COUNTY COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| | § | |
| | § | |
| WELLS BRANCH SELF STORAGE, | § | |
| | § | |
| Defendant. | § | COUNTY COURT AT LAW #2 |

---

## JUDGMENT

---

On the 16th day of October, 2014, came to be heard the above titled and numbered cause. The Plaintiff/Counter-Defendant, MARY E. ALLEN ("ALLEN"), appeared in person and announced ready for trial. The Defendant/Counter-Plaintiff, WELLS BRANCH SELF STORAGE ("WBSS"), appeared with counsel and announced ready for trial. No jury was demanded and all issues were submitted to the Court. After hearing and considering the pleadings, evidence and argument, the Court is of the opinion and finds that Plaintiff, ALLEN, shall recover nothing from Defendant, WBSS; and also finds that the Counter-Plaintiff, WBSS, is entitled to judgment against Counter-Defendant ALLEN.

**IT IS, THEREFORE, ORDERED** by the Court that the said Plaintiff, MARY E. ALLEN, take nothing by the original claim.

**IT IS FURTHER ORDERED** that the Counter-Plaintiff, WELLS BRANCH SELF STORAGE, recover from Counter-Defendant, MARY E. ALLEN, as follows:

$1,441.00 unpaid rent;
$ 1,000 attorney's fees; or
$ 2,441.00 as total sum; plus court costs; and post judgment interest at a rate of 5% per annum on all amounts from the date of the judgment until paid, for which let execution issue

SIGNED this the 16th day of October, 2014.

Case # C-1-CV-14-007235

JUDGE ERIC SHEPPERD

1

122

accurate copy to the clerk of the court in which the case is pending.

### Notes and Comments

Comment to 1997 change: The rule is new.

## Rule 37.  Duties of the Appellate Clerk on Receiving the Notice of Appeal and Record

### 37.1.  On Receiving the Notice of Appeal

If the appellate clerk determines that the notice of appeal or certification of defendant's right of appeal in a criminal case is defective, the clerk must notify the parties of the defect so that it can be remedied, if possible. If a proper notice of appeal or certification of a criminal defendant's right of appeal is not filed in the trial court within 30 days of the date of the clerk's notice, the clerk must refer the matter to the appellate court, which will make an appropriate order under this rule or Rule 34.5(c)(2).

### 37.2.  On Receiving the Record

On receiving the clerk's record or the reporter's record, the appellate clerk must determine whether each complies with the Supreme Court's and Court of Criminal Appeals' order on preparation of the record.  If so, the clerk must endorse on each the date of receipt, file it, and notify the parties of the filing and the date. If not, the clerk must endorse on the clerk's record or reporter's record — whichever is defective — the date of receipt and return it to the official responsible for filing it. The appellate court clerk must specify the defects and instruct the official to correct the defects and return the record to the appellate court by a specified date. In a criminal case, the record must not be posted on the Internet.

### 37.3.  If No Record Filed

(a)  *Notice of Late Record.*

(1)  Civil Cases. If the clerk's record or reporter's record has not been timely filed, the appellate clerk must send notice to the official responsible for filing it, stating that the record is late and requesting that the record be filed within 30 days if an ordinary or restricted appeal, or 10 days if an accelerated appeal. The appellate clerk must send a copy of this notice to the parties and the trial court. If the clerk does not receive the record within the stated period, the clerk must refer the matter to the appellate court. The court must make whatever order is appropriate to avoid further delay and to preserve the parties' rights.

(2)  Criminal Cases. If the clerk's record or reporter's record has not been timely filed, the appellate court clerk must refer the matter to the appellate court. The court must make whatever order is appropriate to avoid further delay and to preserve the parties' rights.

(b)  *If No Clerk's Record Filed Due to Appellant's Fault.* If the trial court clerk failed to file the clerk's record because the appellant failed to pay or make arrangements to pay the clerk's fee for preparing the clerk's record, the appellate court may — on a party's motion or its own initiative — dismiss the appeal for want of prosecution unless the appellant was entitled to proceed without payment of costs. The court must give the appellant a reasonable opportunity to cure before dismissal.

(c)  *If No Reporter's Record Filed Due to Appellant's Fault.* Under the following circumstances, and if the clerk's record has been filed, the appellate court may — after first giving the appellant notice and a reasonable opportunity to cure — consider and decide those issues or points that do not require a reporter's record for a decision. The court may do this if no reporter's record has been filed because:

(1)  the appellant failed to request a reporter's record; or

(2)  (A) appellant failed to pay or make arrangements to pay the reporter's fee to prepare the reporter's record; and

(B) the appellant is not entitled to proceed without payment of costs.

### Notes and Comments

Comment to 1997 change: Former Rules 56 and 57(a) are merged. Subdivisions 37.2 and 37.3 are new.

## Rule 38.  Requisites of Briefs

### 38.1.  Appellant's Brief

The appellant's brief must, under appropriate headings and in the order here indicated, contain the following:

(a)  *Identity of Parties and Counsel.* The brief must give a complete list of all parties to the trial court's judgment or order appealed from, and the names and addresses of all trial and appellate counsel, except as otherwise provided in Rule 9.8.

(b)  *Table of Contents*. The brief must have a table of contents with references to the pages of the brief. The table of contents must indicate the subject matter of each issue or point, or group of issues or points.

(c)  *Index of Authorities*. The brief must have an index of authorities arranged alphabetically and indicating the pages of the brief where the authorities are cited.

(d)  *Statement of the Case*. The brief must state concisely the nature of the case (e.g., whether it is a suit for damages, on a note, or involving a murder prosecution), the course of proceedings, and the trial court's disposition of the case. The statement should be supported by record references, should seldom exceed one-half page, and should not discuss the facts.

(e)  *Any Statement Regarding Oral Argument*. The brief may include a statement explaining why oral argument should or should not be permitted. Any such statement must not exceed one page and should address how the court's decisional process would, or would not, be aided by oral argument. As required by Rule 39.7, any party requesting oral argument must note that request on the front cover of the party's brief.

(f)  *Issues Presented*. The brief must state concisely all issues or points presented for review. The statement of an issue or point will be treated as covering every subsidiary question that is fairly included.

(g)  *Statement of Facts*. The brief must state concisely and without argument the facts pertinent to the issues or points presented. In a civil case, the court will accept as true the facts stated unless another party contradicts them. The statement must be supported by record references.

(h)  *Summary of the Argument*. The brief must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief. This summary must not merely repeat the issues or points presented for review.

(i)  *Argument*. The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.

(j)  *Prayer*. The brief must contain a short conclusion that clearly states the nature of the relief sought.

(k)  *Appendix in Civil Cases*.

(1)  Necessary Contents. Unless voluminous or impracticable, the appendix must contain a copy of:

   (A)  the trial court's judgment or other appealable order from which relief is sought;

   (B)  the jury charge and verdict, if any, or the trial court's findings of fact and conclusions of law, if any; and

   (C)  the text of any rule, regulation, ordinance, statute, constitutional provision, or other law (excluding case law) on which the argument is based, and the text of any contract or other document that is central to the argument.

(2)  Optional Contents. The appendix may contain any other item pertinent to the issues or points presented for review, including copies or excerpts of relevant court opinions, laws, documents on which the suit was based, pleadings, excerpts from the reporter's record, and similar material. Items should not be included in the appendix to attempt to avoid the page limits for the brief.

**38.2. Appellee's Brief**

(a)  *Form of Brief*.

(1)  An appellee's brief must conform to the requirements of Rule 38.1, except that:

   (A)  the list of parties and counsel is not required unless necessary to supplement or correct the appellant's list;

   (B)  the appellee's brief need not include a statement of the case, a statement of the issues presented, or a statement of facts, unless the appellee is dissatisfied with that portion of the appellant's brief; and

   (C)  the appendix to the appellee's brief need not contain any item already contained in an appendix filed by the appellant.

(2)  When practicable, the appellee's brief should respond to the appellant's issues or points in the order the appellant presented those issues or points.

(b)  *Cross-Points*.

(c)  reverse the trial court's judgment in whole or in part and render the judgment that the trial court should have rendered;

(d)  reverse the trial court's judgment and remand the case for further proceedings;

(e)  vacate the trial court's judgment and dismiss the case; or

(f)  dismiss the appeal.

## 43.3. Rendition Appropriate Unless Remand Necessary

When reversing a trial court's judgment, the court must render the judgment that the trial court should have rendered, except when:

(a)  a remand is necessary for further proceedings; or

(b)  the interests of justice require a remand for another trial.

## 43.4. Judgment for Costs in Civil Cases

In a civil case, the court of appeals' judgment should award to the prevailing party the appellate costs — including preparation costs for the clerk's record and the reporter's record — that were incurred by that party. But the court of appeals may tax costs otherwise as required by law or for good cause.

## 43.5. Judgment Against Sureties in Civil Cases

When a court of appeals affirms the trial court judgment, or modifies that judgment and renders judgment against the appellant, the court of appeals must render judgment against the sureties on the appellant's supersedeas bond, if any, for the performance of the judgment and for any costs taxed against the appellant.

## 43.6. Other Orders

The court of appeals may make any other appropriate order that the law and the nature of the case require.

### Notes and Comments

Comment to 1997 changes: Former Rules 80(a) - (c) and 82 are merged. Paragraph 43.2(e) allows the court of appeals to vacate the trial court's judgment and dismiss the case; paragraph 43.2(f) allows the court of appeals to dismiss the appeal. Both provisions are new but codify current practice. Paragraph 43.3(a) is moved here from former Rule 81(c). Paragraph 43.3(b), allowing a remand in the interest of justice, is new. Subdivisions 43.4 and 43.5 are from former Rule 82.

## Rule 44. Reversible Error

### 44.1. Reversible Error in Civil Cases

(a)  *Standard for Reversible Error.* No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of:

(1)  probably caused the rendition of an improper judgment; or

(2)  probably prevented the appellant from properly presenting the case to the court of appeals.

(b)  *Error Affecting Only Part of Case.* If the error affects part of, but not all, the matter in controversy and that part is separable without unfairness to the parties, the judgment must be reversed and a new trial ordered only as to the part affected by the error. The court may not order a separate trial solely on unliquidated damages if liability is contested.

### 44.2. Reversible Error in Criminal Cases

(a)  *Constitutional Error.* If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.

(b)  *Other Errors.* Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.

(c)  *Presumptions.* Unless the following matters were disputed in the trial court, or unless the record affirmatively shows the contrary, the court of appeals must presume:

(1)  that venue was proved in the trial court;

(2)  that the jury was properly impaneled and sworn;

(3)  that the defendant was arraigned;

(4)  that the defendant pleaded to the indictment or other charging instrument; and

(5)  that the court's charge was certified by the trial court and filed by the clerk before it was read to the jury.

### 44.3. Defects in Procedure

TAB C